UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANEITA HENRY-LEE, individually and as the
ADMINISTRATRIX of the Goods, Chattels and Credits of
PETER C. A. LEE, deceased,

**ANSWER TO THE COMPLAINT OF DEFENDANTS CITY OF NEW YORK, BAUMEISTER, INGRAM, AND ROUGHNEEN**

Plaintiff,

-against-

08-CV-0089 (DC)

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOHN
BAUMEISTER (shield # 24846), POLICE OFFICER
MICHAEL INGRAM (shield # 1727), KEVIN
ROUGHNEEN, JOHN DOE 1-10 (the
fictitious names of persons yet to be identified), JMR
REST CORP., d/b/a RORY DOLAN'S RESTAURANT
BAR, CITY OF YONKERS and YONKERS POLICE
DEPARTMENT,

Defendants.

------------------------------------------------------------------------ x

      Defendants City of New York, John Baumeister, Michael Ingram and Kevin

Roughneen, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New

York, as and for their answer to the complaint, respectfully allege, upon information and belief,

as follows:

      1.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the complaint.

      2.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the complaint.

      3.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "3" of the complaint.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City maintains a police department.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.      Deny the allegations set forth in paragraph "13" of the complaint, except admit that the City of New York employs police officers.

14.      Deny the allegations set forth in paragraph "14" of the complaint, except admit that the City of New York employs police officers.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint, except admit that John Baumeister is employed by the City of New York as a police officer.

18.     Deny the allegations set forth in paragraph "18" of the complaint, except admit that John Baumeister is employed by the City of New York as a police officer.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that Michael Ingram is employed by the City of New York as a police sergeant.

20.     Deny the allegations set forth in paragraph "20" of the complaint, except admit that Michael Ingram is employed by the City of New York as a police sergeant.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except admit that Kevin Roughneen is employed by the City of New York as a police officer.

22.     Deny the allegations set forth in paragraph "22" of the complaint, except admit that Kevin Roughneen is employed by the City of New York as a police officer.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that on or about Jan. 4, 2006, defendants Baumeister, Ingram and Roughneen were present at Rory Dolan's Restaurant.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint, except admit that on or about Jan. 4, 2006, defendants Baumeister and Ingram were lawfully in possession of weapons issued to them by the City of New York.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Admit the allegations set forth in paragraph "44" of the complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

49.    Deny the allegations set forth in paragraph "49" of the complaint, except admit that plaintiff purports to invoke this Court's jurisdiction.

50.    Deny the allegations set forth in paragraph "50" of the complaint except admit that plaintiff purports to lay venue in this district.

51.    Deny the allegations set forth in paragraph "51" of the complaint, except admit that plaintiff's purported Notice of Claim was received by the Comptroller's Office on or about April 3, 2006, and that the claim has not been settled.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint, except admit that this action was commenced on or about Jan. 4, 2008.

## ANSWERING THE FIRST CAUSE OF ACTION

57.     Repeat and reallege each and every response to paragraphs "1" through "56" of the complaint, as though fully set forth herein.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     Deny the allegations set forth in paragraph "73" of the complaint, except admit that Baumeister exited Rory Dolan's Restaurant.

74.     Deny the allegations set forth in paragraph "74" of the complaint, except admit that Ingram exited Rory Dolan's Restaurant.

75.     Deny the allegations set forth in paragraph "75" of the complaint, except admit that Rougheen exited Rory Dolan's Restaurant.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny the allegations set forth in paragraph "78" of the complaint.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     Deny the allegations set forth in paragraph "80" of the complaint.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     Deny the allegations set forth in paragraph "84" of the complaint, except admit that Peter Lee sustained gunshot wounds.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny the allegations set forth in paragraph "86" of the complaint.

87.     Deny the allegations set forth in paragraph "87" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE SECOND CAUSE OF ACTION

88.     Repeat and reallege each and every response to paragraphs "1" through "87" of the complaint, as though fully set forth herein.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     Deny the allegations set forth in paragraph "93" of the complaint, except admit that Peter Lee sustained gunshot wounds.

94.     Deny the allegations set forth in paragraph "94" of the complaint.

95.     Deny the allegations set forth in paragraph "95" of the complaint.

96.     Deny the allegations set forth in paragraph "96" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE THIRD CAUSE OF ACTION

97.     Repeat and reallege each and every response to paragraphs "1" through "96" of the complaint, as though fully set forth herein.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the complaint, except admit that Baumeister was present at Rory Dolan's Restaurant on or about Jan. 4, 2006.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the complaint, except admit that Ingram was present at Rory Dolan's Restaurant on or about Jan. 4, 2006.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the complaint, except admit that Roughneen was present at Rory Dolan's Restaurant on or about Jan. 4, 2006.

102.    Deny the allegations set forth in paragraph "102" of the complaint.

103.    Deny the allegations set forth in paragraph "103" of the complaint.

104.    Deny the allegations set forth in paragraph "104" of the complaint.

105.    Deny the allegations set forth in paragraph "105" of the complaint.

106.    Deny the allegations set forth in paragraph "106" of the complaint.

107.    Deny the allegations set forth in paragraph "107" of the complaint, except admit that Peter Lee sustained gunshot wounds.

108.    Deny the allegations set forth in paragraph "108" of the complaint.

109.    Deny the allegations set forth in paragraph "109" of the complaint.

110.    Deny the allegations set forth in paragraph "110" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE FOURTH CAUSE OF ACTION

111.    Repeat and reallege each and every response to paragraphs "1" through "110" of the complaint, as though fully set forth herein.

112.    Deny the allegations set forth in paragraph "112" of the complaint, except admit that persons other than Lee and Baumeister were present at Rory Dolan's Restaurant on or about Jan. 4, 2006.

113.    Deny the allegations set forth in paragraph "113" of the complaint, except admit that persons other than Lee and Ingram were present at Rory Dolan's Restaurant on or about Jan. 4, 2006.

114.    Deny the allegations set forth in paragraph "114" of the complaint, except admit that persons other than Lee and Roughneen were present at Rory Dolan's Restaurant on or about Jan. 4, 2006.

115.    Deny the allegations set forth in paragraph "115" of the complaint.

116.    Deny the allegations set forth in paragraph "116" of the complaint.

117.    Deny the allegations set forth in paragraph "117" of the complaint, except admit that Peter Lee exited Rory Dolan's Restaurant.

118.    Deny the allegations set forth in paragraph "118" of the complaint.

119.    Deny the allegations set forth in paragraph "119" of the complaint.

120.    Deny the allegations set forth in paragraph "120" of the complaint.

121.    Deny the allegations set forth in paragraph "121" of the complaint.

122.    Deny the allegations set forth in paragraph "122" of the complaint.

123.    Deny the allegations set forth in paragraph "123" of the complaint.

124.    Deny the allegations set forth in paragraph "124" of the complaint.

125.    Deny the allegations set forth in paragraph "125" of the complaint.

126.    Deny the allegations set forth in paragraph "126" of the complaint, except admit that Peter Lee sustained gunshot wounds.

127.    Deny the allegations set forth in paragraph "127" of the complaint.

128.    Deny the allegations set forth in paragraph "128" of the complaint.

129.    Deny the allegations set forth in paragraph "129" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE FIFTH CAUSE OF ACTION

130.    Repeat and reallege each and every response to paragraphs "1" through "129" of the complaint, as though fully set forth herein.

131.    Deny the allegations set forth in paragraph "131" of the complaint

132.    Deny the allegations set forth in paragraph "132" of the complaint.

133.    Deny the allegations set forth in paragraph "133" of the complaint.

134.    Deny the allegations set forth in paragraph "134" of the complaint.

135.    Deny the allegations set forth in paragraph "135" of the complaint.

136.    Deny the allegations set forth in paragraph "136" of the complaint.

137.    Deny the allegations set forth in paragraph "137" of the complaint, except admit that Peter Lee sustained gunshot wounds.

138.    Deny the allegations set forth in paragraph "138" of the complaint.

139.    Deny the allegations set forth in paragraph "139" of the complaint.

140.    Deny the allegations set forth in paragraph "140" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE SIXTH CAUSE OF ACTION

141.    Repeat and reallege each and every response to paragraphs "1" through "140" of the complaint, as though fully set forth herein.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the complaint.

147.    Deny the allegations set forth in paragraph "147" of the complaint.

148.    Deny the allegations set forth in paragraph "148" of the complaint, except admit that Peter Lee sustained gunshot wounds.

149.    Deny the allegations set forth in paragraph "149" of the complaint.

150.    Deny the allegations set forth in paragraph "150" of the complaint.

151.    Deny the allegations set forth in paragraph "151" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE SEVENTH CAUSE OF ACTION

152.    Repeat and reallege each and every response to paragraphs "1" through "151" of the complaint, as though fully set forth herein.

153.    Deny the allegations set forth in paragraph "153" of the complaint.

154.    Deny the allegations set forth in paragraph "154" of the complaint.

155.    Deny the allegations set forth in paragraph "155" of the complaint.

156.    Deny the allegations set forth in paragraph "156" of the complaint.

157.    Deny the allegations set forth in paragraph "157" of the complaint.

158.   Deny the allegations set forth in paragraph "158" of the complaint.

159.   Deny the allegations set forth in paragraph "159" of the complaint.

160.   Deny the allegations set forth in paragraph "160" of the complaint.

161.   Deny the allegations set forth in paragraph "161" of the complaint.

162.   Deny the allegations set forth in paragraph "162" of the complaint.

163.   Deny the allegations set forth in paragraph "163" of the complaint.

164.   Deny the allegations set forth in paragraph "164" of the complaint.

165.   Deny the allegations set forth in paragraph "165" of the complaint.

166.   Deny the allegations set forth in paragraph "166" of the complaint.

167.   Deny the allegations set forth in paragraph "167" of the complaint, except admit that Peter Lee sustained gunshot wounds.

168.   Deny the allegations set forth in paragraph "168" of the complaint.

169.   Deny the allegations set forth in paragraph "169" of the complaint.

170.   Deny the allegations set forth in paragraph "170" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE EIGHTH CAUSE OF ACTION

171.   Repeat and reallege each and every response to paragraphs "1" through "170" of the complaint, as though fully set forth herein.

172.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the complaint.

173.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the complaint.

175.    Deny the allegations set forth in paragraph "175" of the complaint.

176.    Deny the allegations set forth in paragraph "176" of the complaint.

177.    Deny the allegations set forth in paragraph "177" of the complaint.

178.    Deny the allegations set forth in paragraph "178" of the complaint.

179.    Deny the allegations set forth in paragraph "179" of the complaint, except admit that Peter Lee sustained gunshot wounds.

180.    Deny the allegations set forth in paragraph "180" of the complaint.

181.    Deny the allegations set forth in paragraph "181" of the complaint.

182.    Deny the allegations set forth in paragraph "182" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE NINTH CAUSE OF ACTION

183.    Repeat and reallege each and every response to paragraphs "1" through "182" of the complaint, as though fully set forth herein.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the complaint.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the complaint.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the complaint.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the complaint.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the complaint.

189.    Deny the allegations set forth in paragraph "189" of the complaint.

190.    Deny the allegations set forth in paragraph "190" of the complaint.

191.    Deny the allegations set forth in paragraph "191" of the complaint.

192.    Deny the allegations set forth in paragraph "192" of the complaint, except admit that Peter Lee sustained gunshot wounds.

193.    Deny the allegations set forth in paragraph "193" of the complaint.

194.    Deny the allegations set forth in paragraph "194" of the complaint.

195.    Deny the allegations set forth in paragraph "195" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE TENTH CAUSE OF ACTION

196.    Repeat and reallege each and every response to paragraphs "1" through "195" of the complaint, as though fully set forth herein.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the complaint.

200.    Deny the allegations set forth in paragraph "200" of the complaint.

201.    Deny the allegations set forth in paragraph "201" of the complaint, except admit that Peter Lee sustained gunshot wounds.

202.    Deny the allegations set forth in paragraph "202" of the complaint.

203.    Deny the allegations set forth in paragraph "203" of the complaint.

204.    Deny the allegations set forth in paragraph "204" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE ELEVENTH CAUSE OF ACTION

205.    Repeat and reallege each and every response to paragraphs "1" through "204" of the complaint, as though fully set forth herein.

206.    Deny the allegations set forth in paragraph "206" of the complaint.

207.    Deny the allegations set forth in paragraph "207" of the complaint.

208.    Deny the allegations set forth in paragraph "208" of the complaint.

209.    Deny the allegations set forth in paragraph "209" of the complaint.

210.    Deny the allegations set forth in paragraph "210" of the complaint.

211.    Deny the allegations set forth in paragraph "211" of the complaint, except admit that Peter Lee exited Rory Dolan's Restaurant.

212.    Deny the allegations set forth in paragraph "212" of the complaint.

213.    Deny the allegations set forth in paragraph "213" of the complaint.

214.    Deny the allegations set forth in paragraph "214" of the complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the complaint.

216.    Deny the allegations set forth in paragraph "216" of the complaint.

217.    Deny the allegations set forth in paragraph "217" of the complaint.

218.    Deny the allegations set forth in paragraph "218" of the complaint.

219.    Deny the allegations set forth in paragraph "219" of the complaint.

220.    Deny the allegations set forth in paragraph "220" of the complaint, except admit that Peter Lee sustained gunshot wounds.

221.    Deny the allegations set forth in paragraph "221" of the complaint.

222.    Deny the allegations set forth in paragraph "222" of the complaint.

223.    Deny the allegations set forth in paragraph "223" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE TWELFTH CAUSE OF ACTION

224.    Repeat and reallege each and every response to paragraphs "1" through "223" of the complaint, as though fully set forth herein.

225.    Deny the allegations set forth in paragraph "225" of the complaint.

226.    Deny the allegations set forth in paragraph "226" of the complaint.

227.    Deny the allegations set forth in paragraph "227" of the complaint.

228.    Deny the allegations set forth in paragraph "228" of the complaint.

229.    Deny the allegations set forth in paragraph "229" of the complaint.

230.    Deny the allegations set forth in paragraph "230" of the complaint.

231.    Deny the allegations set forth in paragraph "231" of the complaint.

232.    Deny the allegations set forth in paragraph "232" of the complaint.

233.    Deny the allegations set forth in paragraph "233" of the complaint.

234.    Deny the allegations set forth in paragraph "234" of the complaint.

235.    Deny the allegations set forth in paragraph "235" of the complaint.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the complaint concerning communications between the Yonkers Police Department and others; deny all remaining allegations therein.

237.    Deny the allegations set forth in paragraph "237" of the complaint.

238.    Deny the allegations set forth in paragraph "238" of the complaint.

239.    Deny the allegations set forth in paragraph "239" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE THIRTEENTH CAUSE OF ACTION

240.    Repeat and reallege each and every response to paragraphs "1" through "239" of the complaint, as though fully set forth herein.

241.    Deny the allegations set forth in paragraph "241" of the complaint.

242.    Deny the allegations set forth in paragraph "242" of the complaint.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "243" of the complaint.

244.    Deny the allegations set forth in paragraph "244" of the complaint.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "245" of the complaint.

246.    Deny the allegations set forth in paragraph "246" of the complaint.

247.    Deny the allegations set forth in paragraph "247" of the complaint, except admit that Peter Lee sustained gunshot wounds.

248.    Deny the allegations set forth in paragraph "248" of the complaint.

249.    Deny the allegations set forth in paragraph "249" of the complaint.

250.    Deny the allegations set forth in paragraph "250" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE FOURTEENTH CAUSE OF ACTION

251.    Repeat and reallege each and every response to paragraphs "1" through "250" of the complaint, as though fully set forth herein.

252.    The allegations of paragraph "252" set forth conclusions of law to which no response is required; to the extent a response is required, deny all such allegations.

253.    The allegations of paragraph "253" set forth conclusions of law to which no response is required; to the extent a response is required, deny all such allegations.

254.    Deny the allegations set forth in paragraph "254" of the complaint.

255.    Deny the allegations set forth in paragraph "255" of the complaint.

256.    Deny the allegations set forth in paragraph "256" of the complaint.

257.    Deny the allegations set forth in paragraph "257" of the complaint, except admit that Peter Lee sustained gunshot wounds.

258.    Deny the allegations set forth in paragraph "258" of the complaint.

259.    Deny the allegations set forth in paragraph "259" of the complaint.

260.    Deny the allegations set forth in paragraph "260" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE FIFTEENTH CAUSE OF ACTION

261.    Repeat and reallege each and every response to paragraphs "1" through "260" of the complaint, as though fully set forth herein.

262.    Deny the allegations set forth in paragraph "262" of the complaint.

263.    Deny the allegations set forth in paragraph "263" of the complaint.

264.    Deny the allegations set forth in paragraph "264" of the complaint.

265.    Deny the allegations set forth in paragraph "265" of the complaint.

266.    Deny the allegations set forth in paragraph "266" of the complaint.

267.    Deny the allegations set forth in paragraph "267" of the complaint.

268.    Deny the allegations set forth in paragraph "268" of the complaint.

269.    Deny the allegations set forth in paragraph "269" of the complaint.

270.    Deny the allegations set forth in paragraph "270" of the complaint.

271.    Deny the allegations set forth in paragraph "271" of the complaint.

272.    Deny the allegations set forth in paragraph "272" of the complaint, except admit that Peter Lee sustained gunshot wounds.

273.    Deny the allegations set forth in paragraph "273" of the complaint.

274.    Deny the allegations set forth in paragraph "274" of the complaint.

275.    Deny the allegations set forth in paragraph "275" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE SIXTEENTH CAUSE OF ACTION

276.    Repeat and reallege each and every response to paragraphs "1" through "275" of the complaint, as though fully set forth herein.

277.    Deny the allegations set forth in paragraph "277" of the complaint.

278.    Deny the allegations set forth in paragraph "278" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations therein concerning Mr. Lee's death-related expenses and medical costs.

279.    Deny the allegations set forth in paragraph "279" of the complaint.

280.    Deny the allegations set forth in paragraph "280" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## ANSWERING THE SEVENTEENTH CAUSE OF ACTION

281.    Repeat and reallege each and every response to paragraphs "1" through "280" of the complaint, as though fully set forth herein.

282.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "282" of the complaint.

283.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "283" of the complaint.

284.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "284" of the complaint.

285.    Deny the allegations set forth in paragraph "285" of the complaint.

286.    Deny the allegations set forth in paragraph "286" of the complaint.

287.    Deny the allegations set forth in paragraph "287" of the complaint.

288.    Deny the allegations set forth in paragraph "288" of the complaint.

289.    Deny the allegations set forth in paragraph "289" of the complaint, except admit that plaintiff purports to demand judgment against defendants.

## FIRST AFFIRMATIVE DEFENSE

290.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

291.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

292.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York has governmental immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

293.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendant.

## FIFTH AFFIRMATIVE DEFENSE

294.    Defendants had probable cause and/or reasonable suspicion for the conduct in question.

## SIXTH AFFIRMATIVE DEFENSE

295.    None of the defendants violated any clearly established constitutional right of which a reasonable person would have known, and therefore, said defendants are protected from liability by qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

296.    Punitive damages may not be recovered against the City of New York.

## EIGHTH AFFIRMATIVE DEFENSE

297.    The New York City Police Department is not a suable entity.

## NINTH AFFIRMATIVE DEFENSE

298.    Plaintiff has failed to comply with the conditions precedent to maintain this suit.

## TENTH AFFIRMATIVE DEFENSE

299.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE

300.    Defendants were justified in taking and/or performing all acts and/or conduct that forms the basis of plaintiff's claims.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                April 4, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, John Baumeister, Michael Ingram, and Kevin Roughneen*
100 Church Street
New York, New York 10007
(212) 788-1599


By:    _____/s/_____
           Arthur G. Larkin (AL 9059)




TO:    THE ADAM LAW OFFICE, P.C.
       *Attorney for Plaintiff*
       275 Madison Avenue, Suite 1100
       New York, New York 10016
       Attn:  Richard Adam, Esq.
       (212) 661-8780
       (By ECF)

FRANK J. RUBINO, ESQ.
Corporation Counsel
*Attorney for Defendants City of Yonkers,*
  *Yonkers Police Dept.*
City Hall, Room 300
Yonkers, New York 10701
Attn:  Michael Levinson, Esq.
(914) 377-6237
(By ECF)

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
*Attorneys for Defendant JMR Rest Corp.,*
  *d/b/a Rory Dolan's Restaurant Bar*
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
(By ECF)