### THE ADAM LAW OFFICE, P.C.
275 Madison Avenue – Suite 1100
New York, NY 10016
Phone: (212) 661 – 8780
Fax: (212) 661 – 8779

April 4, 2008

Honorable Denny Chin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1020
New York, NY 10007

**VIA FACSIMILE @ (212) 805 – 7906 and Hand Delivery**

Re:    **Lee vs. City of New York et. al.**

Dear Judge Chin:

Please allow this correspondence to serve as a response to a letter from counsel for Defendant JMR Rest. Corp. wherein he makes an application to have Defendant JMR's answer "deemed filed timely" purportedly "in accordance with the information on the PACER service center".

For starters it is important to note that Defendant JMR was personally served with Plaintiff's summons and complaint on January 16, 2008: some 79 days ago.  Please see **Exhibit "A", (which is a copy of Plaintiff's Affidavit of Service)**.

Despite having had Plaintiff's summons and complaint in hand since that time, Defendant JMR never moved to extend its time to appear, and never sought your Honor's intervention prior to its letter dated April 3, 2008.

In this regard, your Honor may recall that the only individual who made an application for an extension of time to answer was Arthur G. Larkin, defense counsel for Defendants City of New York, New York City Police Department, P.O John Baumeister, P.O. Michael Ingram and Kevin Roughneen.  On February 6, 2008, your Honor granted that application by simply endorsing the letter that was forwarded to him by Mr. Larkin.  Please see **Exhibit "B", (which is a copy of your Honor's endorsement granting said application)**.

Clearly, the application was never made by or on behalf of Defendant JMR and thus counsel's reliance on the "PACER service center" printout indicating a April 4, 2008 extension of time to interpose an answer is erroneous and misleading to the Court.  Again the extension did not apply to Defendant JMR, but rather was granted solely to the individuals

and entities on whose behalf it was made: Defendant City of New York, its Police Officers and associated entities.

What counsel for Defendant JMR conveniently neglects to mention is that <u>no answer was initially interposed on behalf of Defendant JMR</u> because Aspen Specialty, Defendant JMR's insurer, had initially denied coverage and neglected for several months thereafter to arrange for a defense on behalf of its insured, thinking perhaps that its denial of coverage also relieved it from its obligation to tender a defense.  Please see **Exhibit "C", (which is a copy of Aspen Specialty's denial of coverage letter to Plaintiff's office dated March 4, 2008)**.

In fact it was not until Aspen Specialty re-evaluated its position, that it then decided to retain counsel who now (close to 3 months after Plaintiff's complaint was served) seeks to have its grossly late answer deemed timely filed on the pretext that the extension granted to Defendant New York City also applied to Defendant JMR <u>even though Defendant JMR never moved or otherwise made an application for an extension of time to appear</u>.  Please see **Exhibit "D", (which is a copy of Aspen Specialty's letter rescinding its prior denial of coverage letter to Plaintiff's office dated April 1, 2008)**.

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure makes it abundantly clear that Defendant JMR had 20 days from service of Plaintiff's Summons and Complaint within which to file its answer.  Defendant JMR and its insurer Aspen Specialty failed to comply with this rule not because they did not have the complaint in hand, but rather because the insurer thought that its denial of coverage relieved it from its obligation to assign an attorney to defend the case.  This amounts to nothing less than an intentional default and should not be leisurely overlooked by your Honor.

An insurer's mistaken evaluation as to whether coverage is triggered, coupled with that insurer's tardy assignment of the claim to defense counsel do not trump the Federal Rules of Civil Procedure and are not valid reasons to excuse the default situation that Defendant JMR is currently confronted with.

At this juncture, the recourse for Defendant JMR is not to petition your Honor to reverse the default, but rather to seek redress from its insurer Aspen Specialty, who negligently and carelessly placed it in a default situation by not properly handling the claim although Aspen Specialty had timely notice of its existence.

For all of the above reasons, the undersigned can not consent to the application and ask your Honor to deny same especially in view of the fact that no legally sustainable valid grounds for the default has been offered.

We thank your Honor for his kind consideration with regard to the foregoing.

Sincerely,

**THE ADAM LAW OFFICE, P.C.**

By PETER D. AMANKONAH, ESQ.
For RICHARD ADAM, ESQ.

PDA/rb
Enc.
Cc:     MICHAEL A. CARDOZO, ESQ.
        Corporation Counsel, City of New York
        100 Church Street
        New York, NY 10007
        Attention: Arthur G. Larkin, Esq.
        **VIA FACSIMILE @ (212) 788 - 9776**

        FRANK J. RUBINO, ESQ.
        Corporation Counsel, City of Yonkers
        City Hall Room 300
        Yonkers, NY 10701
        Attention: Michael Levinson, Esq.
        **VIA FACSIMILE @ (914) 964 - 0563**

        MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
        Attorneys for Defendant JMR Restaurant Corp.
        530 Saw Mill River Road
        Elmsford, NY 10523
        Attention: James M. Skelly, Esq.
        **VIA FACSIMILE @ (914) 345 - 3743**

# EXHIBIT "A"

Form 07 - CORPORATION

### THE ADAM LAW OFFICE
### ATTN: _____

U.S. SOUTHERN DIST. COURT    NEW YORK  COUNTY
-----------------------------------------------------

ANEITA HENRY-LEE INDIV. AND AS THE      plaintiff
ADMIN'TRIX OF THE GOODS, CHATTELS, AND CREDITS OF
PETER C. A. LEE DEC"D  - against -

THE CITY OF NEW YORK, ETAL            defendant

-----------------------------------------------------

Index No. **08-CV-0089**

Date Filed .............

Office No.

Court Date:   / /

    STATE OF NEW YORK, COUNTY OF NEW YORK          :SS:

**JEFFREY CAMPOLO**      being duly sworn, deposes and says; I am over 18 years of age,
not a party to this action, and reside in the State of New York. That on the
**16th** day of **January, 2008** at **11:18 A**M.,    at
    **890 MCLEAN AVE**
    **YONKERS, NY 10704´**

I served a true copy of the
    **SUMMONS AND VERIFIED COMPLAINT**
     CIVIL COVER SHEET
upon **JMR REST CORP., D/B/A RORY DOLANS RESTAURANT BAR**
**a domestic corporation, the  DEFENDANT** therein named by delivering to,
and leaving personally with
     **RORY DOLANS--OWNER & MANAGING AGENT**

a true copy of each thereof.

    Deponent describes the person served as aforesaid to the best of deponent's
ability at the time and circumstances of the service as follows:
     SEX: **MALE**      COLOR: **WHITE**      HAIR: **BROWN**
     APP. AGE: **48**      APP. HT: **6:0**      APP. WT: **175**

OTHER IDENTIFYING FEATURES:


Sworn to before me this
23rd  day of  January,      2008i

KENNETH WISSNER
Notary Public, State of New York
  No.01WI4714130
Qualified in NEW YORK COUNTY
Commission Expires 03/30/2010

      ............................
     JEFFREY CAMPOLO
     AETNA CENTRAL  JUDICIAL  SERVICES
     225 BROADWAY, SUITE 1802
     NEW YORK, NY, 10007
     Reference No: 3TALO105331

# EXHIBIT "B"

Case 1:08-cv-00089-DC    Document 14    Filed 04/07/2008    Page 7 of 22
Fax:
Feb- 8 2008 07:58am P002/002
Case 1:08-cv-000    )-DC    Document 4    Filed 02/07/2   )8    Page 1 of 1



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/08

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET, Rm. 3-193
NEW YORK, NY 10007

**ARTHUR G. LARKIN**
Senior Counsel
Phone: (212) 788-1599
Fax: (212) 788-9776
alarkin@law.nyc.gov

February 6, 2008

**BY FACSIMILE**

Hon. Denny Chin
United States District Judge
United States District Court
500 Pearl Street, Room 1020
New York, New York 10007

Re:   <u>Aneita Henry-Lee v. City of New York, et al.</u>, 08-CV-0089 (DC)

Your Honor:

   We write in response to plaintiff's letter of yesterday's date. While we do not wish to belabor the obvious, plaintiff's contention that the City can prepare an answer by "conferring with the defendant police officers" is simply wrong. The City must investigate the incident that is the subject of the complaint before it can even determine whether it will represent the individual officer-defendants. If representation is approved, then our office can "confer" with the defendants about the lawsuit; if representation is denied, then we cannot do that. *See* Gen. Mun. Law, § 50-k. The requested extension is necessary for the City to undertake the steps necessary to determine representation, among other things. In addition, contrary to the representation in counsel's letter, neither he nor anyone from his office stated a firm position on my request; instead I was advised to wait for a return call. We thank Your Honor for considering the foregoing.

*Defendants' time to answer or otherwise respond to the complaint is extended until April 4, 2008.*

*SO ORDERED.*

Respectfully submitted,

Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m
cc: The Adam Law Office, P.C. (by facsimile)

*WDJ*
*2/6/08*

# EXHIBIT "C"



ASPEN SPECIALTY

March 4, 2008

*CERTIFIED MAIL # 7006 3450 0002 5375 9231*
*RETURN RECEIPT REQUESTED*

Mr. Rory Dolan
JMR Rest Corp.
890 McLean Avenue
Yonkers, New York  10704

|  | Re: | Named Insured | : JMR Rest Corp. | |
|---|---|---|---|---|
|  |  | Claimant | : Aneita Henry-Lee | |
|  |  | Date of Loss | : 1/4/06 | |
|  |  | Claim No. | : C003058 | Policy No.: KL000123 |

Dear Mr. Dolan:

Aspen Specialty Insurance Company ("Aspen") issued a commercial general liability policy, No. KL000123, to named insured JMR Rest Corp. ("JMR").  The Aspen policy was in effect from April 30, 2005 to April 30, 2006, and has commercial general liability limits of $1 Million each occurrence and $2 Million in the aggregate, and liquor liability policy limits of $1 Million each common cause and in the aggregate, each coverage subject to a deductible or $10,000.00 per claimant, with an "assault and battery hazard" sublimit aggregate of $50,000.00. The $50,000.00 sublimit is eroded by defense costs and damages. On February 5, 2008, Aspen received first notice of the summons and verified complaint brought in the United States District Court for the Southern District of New York by plaintiff Aneita Henry-Lee,

Mr. Rory Dolan
March 4, 2008
Page 2

individually, and as Administratrix of the Estate of Peter Lee, against defendants City of New York, New York City Police Department, Police Officers John Baumeister,, Michael Ingram and Kevin Roughneen, JMR, City of Yonkers and Yonkers Police Department. We regret to inform you that Aspen disclaims coverage for JMR in this action, and Aspen will not defend or indemnify JMR in this action. The purpose of this letter is to explain Aspen's coverage position.

Nothing in this letter is meant to imply that there is any credence to any of the allegations asserted by the verified complaint. This letter is meant to merely advise you of the coverage implications of the information available to us, so that you can act accordingly.

## LAWSUIT

The verified complaint alleges that JMR operated an establishment known as Rory Dolan Restaurant Bar located at 890 McLean Avenue, Yonkers, New York. The verified complaint also alleges that plaintiff's decedent, Peter Lee, a person less than 21 years of age, and the defendant police officers were served liquor or other alcoholic beverages at JMR's restaurant/bar. The verified complaint further alleges that on January 4, 2006, the police officers initiated an unprovoked altercation with Peter Lee at JMR's restaurant/bar, and after Mr. Lee and the officers exited the premises, the altercation escalated, and the officers fired numerous gunshots at Mr. Lee, causing his death. The verified complaint asserts fifteen (15) causes of action:  (1) assault; (2) negligent, reckless and malicious acts; (3) JMR serving

Mr. Rory Dolan
March 4, 2008
Page 3

alcoholic beverages to a person under 21 years of age; (4) the New York City Police Department's failure to intervene or stop the altercation; (5) the New York City Police Department's negligent hiring, training and retention; (6) JMR's negligence in serving alcoholic beverages to Mr. Lee; (7) JMR's negligence in serving alcoholic beverages to the police officers; (8) JMR's negligent security in and around its premises; (9) JMR's prior citations based on serving alcoholic beverages to minors and visibly intoxicated patrons; (10) the police officers' negligent failure to prevent the serving of alcoholic beverages to Mr. Lee; (11) Yonkers Police Department's failure to intervene; (12) false arrest and detention, and intimidation of potential witness; (13) the City of Yonkers and Yonkers Police Department's negligent hiring, training and retention; (14) violation of due process and equal protection; and (15) violation of civil rights and constitutional rights.

According to your signed statement, you were informed about the incident in question on the day it occurred.  Moreover, on January 5, 2006, the day after the incident, you met with your insurance broker, Frank Polini, and reported the incident to the broker.

## INSURANCE POLICY

We direct your attention to the following provisions of the Aspen policy:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.     Insuring Agreement

Mr. Rory Dolan
March 4, 2008
Page 4

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part, if such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

2.    Exclusions

This insurance does not apply to:

Mr. Rory Dolan
March 4, 2008
Page 5

a.    Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

c.    Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1)    Causing or contributing to the intoxication of any person;

(2)    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3)    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

SECTION    IV    –    COMMERCIAL    GENERAL    LIABILITY CONDITIONS

2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

Mr. Rory Dolan
March 4, 2008
Page 6

    (2)    The names and addresses of any injured persons and witnesses; and

    (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

## SECTION V – DEFINITIONS

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

## SECTION I – LIQUOR LIABILITY COVERAGE

1.    Insurance Agreement

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result.

    b.    This insurance applies to "injury" only if:

        (1)    The "injury" occurs during the policy period in the "coverage territory"; and

        (2)    Prior to the policy period, the insured listed under Paragraph 1. of Section II – Who Is An

Mr. Rory Dolan
March 4, 2008
Page 7

Insured and no "employee" authorized by you to give or receive notice of an "injury" or claim, knew that the "injury" had occurred, in whole or in part.   If such a listed insured or authorized "employee" knew, prior to the policy period, that the "injury" occurred, then any continuation, change or resumption of such "injury" during or after the policy period will be deemed to have been known prior to the policy period.

c.     "Injury" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "injury" or claim, includes any continuation, change or resumption of that "injury" after the end of the policy period.

2.     Exclusions

This insurance does not apply to:

a.     Expected Or Intended Injury

"Injury" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

SECTION IV – LIQUOR LIABILITY CONDITIONS

2.     Duties In The Event Of Injury, Claim Or Suit

a.     You must see to it that we are notified as soon as practicable of an "injury" which may result in a claim. To the extent possible, notice should include:

(1)     How, when and where the "injury" took place;

Mr. Rory Dolan
March 4, 2008
Page 8

       (2)    The names and addresses of any injured persons and witnesses; and

       (3)    The nature and location of any "injury."

SECTION V – DEFINITIONS

1.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

5.    "Injury" means all damages, including damages because of "bodily injury" and "property damage," and including damages for care, loss of services or loss of support.

**COVERAGE DETERMINATION**

Aspen disclaims coverage to JMR in this matter under both the commercial general liability and liquor liability coverage parts. Under the commercial general liability part, Aspen denies coverage because JMR materially breached Condition 2(a) of the commercial general liability conditions by failing to notify Aspen of the "occurrence" in question "as soon as practicable." JMR's two-year delay in notifying Aspen of the altercation taking place on its premises, which resulted in the death of its customer, is not timely as a matter of law. JMR's breach of this condition vitiates coverage for JMR in this lawsuit. Aspen declines coverage under Exclusion (L) to the extent there is "bodily injury" caused by the furnishing of alcoholic beverages or the intoxication of any person. Aspen also reserves the right to deny coverage if there is no "occurrence," as defined in the policy, or if the "bodily injury" was expected or intended from the standpoint of the insured under Exclusion 2(a). Similarly, Aspen disclaims coverage under the liquor liability coverage part, because JMR materially breached Liquor

Mr. Rory Dolan
March 4, 2008
Page 9

Liability Condition 2 (as by failing to notify Aspen of the "injury" to Mr. Lee "as soon as practicable." Under the Liquor Liability Coverage Part, Aspen reserves the right to disclaim coverage if the "injury" was expected or intended from the standpoint of the insured under Exclusion 2(a). In any event, but for the breach of policy conditions, coverage for JMR would be limited to $50,000.00 (which is defense costs erosive) since the claim arises out of an assault.

In sum, for the reasons stated, Aspen disclaims coverage for JMR in this lawsuit.

Aspen reserves the right to supplement its position on coverage, including the right to assert any further provisions, conditions, definitions, exclusions or endorsements in the Aspen policy. Any action on the part of Aspen should not be construed as a waiver or abandonment of any coverage defenses. Please further note that a full investigation of the facts and circumstances may indicate that other terms, conditions, and exclusions of the policy not discussed in this letter may also limit or preclude coverage. Therefore, this correspondence is not intended as an exhaustive listing or discussion of the policy terms, conditions or exclusions that might limit coverage for this matter.

If you believe that this coverage determination is in error or if you disagree with our interpretation of your policy, please feel free to contact me at (617) 532-7337. You also may wish to take this matter up with the New York State Insurance Department. You may write to, or visit the Consumer Services Bureau, New York State Insurance Department, at either 25

Mr. Rory Dolan
March 4, 2008
Page 10

Beaver Street, New York, New York 10004; Agency Building, 1 Governor Nelson A.

Rockefeller, Empire State Plaza, Albany, New York 12257; or The Walter Mahoney Office

Building, 65 Court Street, Buffalo, New York 14202.  You may also contact them at their toll

free number at (800) 342-3736.

If you have any additional information that may affect this decision, please forward the

same of review and consideration.  Thank you.

Sincerely,

Jack P. Marlin
Aspen Specialty Insurance
Tel:  (617) 532-7337
Jack.Marlin@aspenspecialty.com

JPM:

cc:

Mark S. DeAngelis,Esq.
DeAngelis & Hafiz
22 West First Street
Suite 407
Mount Vernon, New York  10550

Tri State Risk Services, Inc.
614 Corporate Way
Suite 5M
Valley Cottage, New York  10989

Mr. Rory Dolan
March 4, 2008
Page 11


Richard Adam, Esq.
The Adam Law Office, P.C.
275 Madison Avenue
Suite 1100
New York, New York  10016

Arthur Gabriel Larkin, III, Esq.
The New York City Law Department
100 Church Street
New York, New York  10007

Rory Carleton McCormick, Esq.
Corporation Counsel
City of Yonkers
City Hall
40 South Broadway
Yonkers, New York  10701


987778

# EXHIBIT "D"



ASPEN

ASPEN SPECIALTY

April 1, 2008

*CERTIFIED MAIL # 7007 2560 0002 7664 9258*
*RETURN RECEIPT REQUESTED*

Mr. Rory Dolan
JMR Rest Corp.
890 McLean Avenue
Yonkers, New York 10704

| | Re: | Named Insured | : JMR Rest Corp. | | |
|---|---|---|---|---|---|
| | | Claimant | : Aneita Henry-Lee | | |
| | | Date of Loss | : 1/4/06 | | |
| | | Claim No. | : C003058 | Policy No.: KL000123 | |

Dear Mr. Dolan:

As you recall, we initially denied coverage for this claim, based on the results of our investigation.    However, it has since become apparent that this claim was reported to us promptly.    Therefore, we rescind our 3/4/08 denial letter.    We apologize for this error.

We have assigned James Skelly of Marks, O'Neill, O'Brien & Courtney (212) 967-0080 to appear in this suit and to represent your interests.    I understand that Mr. Skelly has contacted you and reviewed this matter.    If you have any questions, please do not hesitate to contact me.

Mr. Rory Dolan
March 4, 2008
Page 2

Sincerely,

Jack P. Marlin
Aspen Specialty Insurance
Tel: (617) 532-7? 37
Jack.Marlin@aspenspecialty.com

cc:

Mark S. DeAngelis,Esq.
DeAngelis & Hafiz
22 West First Street
Suite 407
Mount Vernon, New York 10550

Tri State Risk Services, Inc.
614 Corporate Way
Suite 5M
Valley Cottage, New York 10989

Richard Adam, Esq.
The Adam Law Office, P.C.
275 Madison Avenue
Suite 1100
New York, New York 10016

Arthur Gabriel Larkin, III, Esq.
The New York City Law Department
100 Church Street
New York, New York 10007

Rory Carleton McCormick, Esq.
Corporation Counsel
City of Yonkers
City Hall
40 South Broadway
Yonkers, New York 10701