```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/08
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

ANEITA HENRY-LEE,                   :

                Plaintiff,          :

        - against -                 :          ORDER

THE CITY OF NEW YORK, NEW YORK      :          08 Civ. 0089 (DC)
CITY POLICE DEPT., OFFICER
JOHN BAUMEISTER, OFFICER MICHAEL    :
INGRAM, KEVIN ROUGHNEEN, JOHN
DOES 1-10, JMR REST CORP., d/b/a    :
RORY DOLANS RESTAURANT BAR, CITY
OF YONKERS, and YONKERS POLICE      :
DEPT.,
                                    :
                Defendants.
                                    :
- - - - - - - - - - - - - - - - -x
```

**CHIN, District Judge**

On January 4, 2008, plaintiff commenced this action, asserting various § 1983 claims against defendants. The City of Yonkers and the Yonkers Police Department answered on January 30, 2008. By letter dated February 6, 2008, Corporation Counsel for the City of New York requested on behalf of the City defendants an extension to answer. By memorandum endorsement, I granted an extension. I did not specifically limit the extension to the City defendants, but more generally ordered that: "Defendants' time to answer or otherwise respond to the complaint is extended until April 4, 2008."

On February 29, 2008, plaintiff filed an affidavit of service, indicating that plaintiff had served defendant JMR Restaurant on January 16, 2008. JMR did not respond within thirty days of service. Thereafter, on March 3, plaintiff

submitted a request to the Court for the entry of a default judgment against JMR. On April 3, JMR filed an answer to the complaint and requested that its answer be deemed timely. By letter dated April 4, plaintiff opposed JMR's request.

JMR Restaurant's answer is accepted; plaintiff's request for a default judgment is denied.

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs the entry by the court of a default judgment. Although the rule does not set forth specific standards, the court is to exercise "sound judgment" in determining whether a default judgment should be entered and may consider, among other things: the amount of money potentially involved, how harsh an effect a default judgment might have, and whether plaintiff has been substantially prejudiced by the delay. Charles Alan Wright et al., 10A <u>Federal Practice & Procedure</u> § 2685 at 30, 32-38 (3d ed. 1998) (citing cases). The Second Circuit has made clear its preference that "litigation disputes be resolved on the merits, not by default." <u>Cody v. Mello</u>, 59 F.3d 13, 15 (2d Cir. 1995).

Here, although JMR's response was indeed late, plaintiff has not been substantially prejudiced by the delay, as the case remains in the early stages of litigation. Moreover, the Court's memorandum endorsement could have lulled JMR into believing it had until April 4, 2008 to answer. Furthermore, plaintiff is seeking damages in the amount of ten million dollars and, given JMR's short delay in answering, a default judgment

against JMR would be unduly harsh.  A pre-trial conference will be held on May 23, 2008 at 11:30 AM.

        SO ORDERED.

Dated:    New York, New York
            May 6, 2008

_____
DENNY CHIN
United States District Judge