UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ANEITA HENRY-LEE, individually and as the ADMINISTRATRIX of the Goods Chattels and Credits of PETER C. A. LEE, deceased,

                        Plaintiffs,

- against -

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JOHN BAUMEISTER (shield # 24846), POLICE OFFICER MICHAEL INGRAM (shield # 1727), KEVIN ROUGHNEEN (shield # 2942), JOHN DOE 1-10 (the fictitious names of persons yet to be identified), JMR REST CORP., d/b/a RORY DOLANS RESTAURANT BAR, CITY OF YONKERS and YONKERS POLICE DEPARTMENT,

                        Defendants.
------------------------------------------------------------------X

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Index No.: 08-cv-0089(DC)

Assigned to:
Hon. Denny Chin

      Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of this Court, defendant, **JMR REST CORP., d/b/a RORY DOLANS RESTAURANT BAR**, hereby requests that plaintiff serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**, at 530 Saw Mill River Road, Elmsford, New York 10523 within thirty days after service hereof.

      These interrogatories and document requests are continuing. If at any time after service of the answers hereto, and prior to the trial of this action, plaintiff obtains or becomes aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to the Federal Rules, plaintiff shall, within thirty

{NY036780.1}

days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## INSTRUCTIONS

1. If the answer to all or any part of an interrogatory is not presently know or available, include a statement to that effect and furnish any information currently known or available and description of the source of information that was once known or available which could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery requests set forth in Local Rule 26.3 and Federal Rule 34(a).

2. As used herein, the term "incident" refers to the events described in the complaint.

## INTERROGATORIES

1. Identify any person who witnessed, was present at, or has knowledge of the incident. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

2. Identify any and all injuries claimed by plaintiff as a result of the incident and the medical, psychiatric, or psychological treatment provided therefore. If such treatment was received, identify the individuals or other providers who rendered it.

3. Identify all of plaintiff's employers for the past ten years.

4. Has plaintiff applied for Workers' Compensation within the past ten years? If so, identify which employers provided such Workers' Compensation to plaintiff.

5. Has plaintiff applied for social security disability benefits within the past ten years? If so, identify the years in which plaintiff received social security disability benefits.

6. Has plaintiff applied for Medicare and/or Medicaid within the past ten years? If so, identify which state provided such Medicare and/or Medicaid to plaintiff.

7. Has plaintiff made a claim with any insurance carrier for physical, mental or emotional injuries within the past ten years? If so, identify the insurance carriers with whom plaintiff has made such claims.

8. Identify any and all expenses incurred by plaintiff as a result of the incident, including but not limited to expenditures for medical, psychiatric, or psychological treatment, lost income, attorneys' fees and any other item of damages plaintiff claim in this action.

9. List all purported distributees of the Estate of decedent.

10. Identify any and all documents prepared by you or any other persons, which relate to the claims and subject matter of this litigation.

11. Identify the experts you expect to call at the trial of this matter.

## DOCUMENT REQUESTS

1. Produce all the documents identified in Interrogatory I above.

2. Produce all medical and mental health records, including, but not limited to, records of doctors, hospitals, psychologists, psychiatrists and social workers, for treatment received by plaintiff since the incident and for the five years prior to the incident, including treatment for any injury resulting from the incident.

3.  Complete and provide duly executed HIPAA compliant authorizations[1] for the records of any medical provider, including, but not limited to, doctors, hospitals, psychologists, psychiatrists and social workers, who provided services to plaintiff during the time frames in the preceding document request.

4.  Produce all photographs, tape recordings, videotapes, and other audio-visual materials documenting the injuries which plaintiff claim resulted from the incident.

5.  Complete and provide a duly executed authorization[2] for the records of any employer who employed the plaintiff for the past ten years.

6.  If there is a claim of lost income in this action, provide plaintiff's federal and state income tax returns since the incident and for the five years prior to the incident.

7.  Complete and provide a duly executed authorization for the records of social security disability benefits, if any, received by plaintiff.

8.  Complete and provide a duly executed authorization for the Medicare and/or Medicaid records, if any, of plaintiff.

9.  Complete and provide a duly executed authorization for insurance carriers with whom plaintiff has made claims within the last ten years[3].

---

[1] A separate authorization must be provided for each medical provider who provided care to the plaintiff.

[2] A separate authorization must be provided for each employer for the plaintiff.

[3] A separate authorization must be provided for each insurance carrier.

10. Produce all expert disclosures as required under the Federal and Local Rules.

Dated: Elmsford, New York
June 3, 2008

By: _____
James M. Skelly (JMS/4844)

**MARKS, O'NEILL, O'BRIEN**
**& COURTNEY, P.C.**
Attorneys for Defendant
**JMR REST CORP., d/b/a RORY**
**DOLANS RESTAURANT BAR**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 495.81515

TO: **THE ADAM LAW OFFICE, P.C.**
Attorneys for Plaintiffs
**ANEITA HENRY-LEE, individually** and **as**
**the ADMINISTRATRIX of the Goods Chattels**
**and Credits of PETER C. A. LEE, deceased**
275 Madison Avenue - Suite 1100
New York, New York 10016
(212) 661-8780

**MICHAEL A. CARDOZO, ESQ.**
**CORPORATION COUNSEL**
Attorneys for Defendants
**THE CITY OF NEW YORK** and **NEW**
**YORK CITY POLICE DEPARTMENT**
100 Church Street
New York, New York 10007
(212) 788-0499

**CORPORATION COUNSEL, CITY OF YONKERS**
Attorneys for Defendants
**CITY OF YONKERS** and **YONKERS POLICE DEPARTMENT**
City Hall, 40 South Broadway
Yonkers, New York 10701
(914) 377-6256

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK            )
                             : ss:
COUNTY OF WESTCHESTER        )

    MARTHA AGIS, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Pearl River, New York.

    On the 3rd day of June, 2008, deponent served the within **DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS,** upon the parties herein stated below, by depositing and mailing same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, at the following addresses:

TO:    **THE ADAM LAW OFFICE, P.C.**
        Attorneys for Plaintiffs
        **ANEITA HENRY-LEE, individually** and **as the ADMINISTRATRIX of the Goods Chattels and Credits of PETER C. A. LEE, deceased**
        275 Madison Avenue - Suite 1100
        New York, New York 10016
        (212) 661-8780

        **MICHAEL A. CARDOZO, ESQ.**
        **CORPORATION COUNSEL**
        Attorneys for Defendants
        **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**
        100 Church Street
        New York, New York 10007
        (212) 788-0499

        **CORPORATION COUNSEL, CITY OF YONKERS**
        Attorneys for Defendants
        **CITY OF YONKERS** and **YONKERS POLICE DEPARTMENT**
        City Hall, 40 South Broadway
        Yonkers, New York 10701
        (914) 377-6256

                                                _____
                                                        MARTHA AGIS

Sworn to before me on this
3rd day of June, 2008

_____
    NOTARY PUBLIC

{NY036780.1}